Mr. Justice Thachee
delivered the opinion of the court.
Seth Applenhite filed his bill in the district chancery court, in which he alleged, that John Applenhite executed a deed of gift to the children of his two daughters, Mary, married to Eli Ferguson, the defendant in the bill, and Martha, married to Asa Lee; that the gift consisted of a slave (Hester) and her son, with her future increase, to be for the benefit of his daughters, until their youngest children arrived at age, and then to be equally divided among all the children; that the deed confided the slaves to the care and management of the complainant, the son of the donor; that the complainant, at the time of the execution of the deed, placed the slaves ill the care of said Mary and Martha, and, by an agreement between them, Mary *304 took possession of the slave Hester; that Mary is since deceased, leaving four minor children, and Martha still living, with minor children; and that the defendant, Ferguson, has now possession of the slave Hester, with a numerous increase, whom he refuses to surrender to the complainant. The prayer of the bill is for the recovery of the possession of the slaves from Eli Ferguson.
The defendant filed a demurrer to the bill, stating, for cause, that the children of Mary and Martha were not made parties; which demurrer the vice-chancellor disallowed.
The bill was filed, to recover the possession of the slaves. The deed of gift gives to complainant, as trustee, the right of possession. It was not necessary to bring before the court, the children, who, although interested under the trust, were not concerned in the question of the possession. They were not interested in the subject-matter and object of this particular suit. Sto. Eq. Pl. 89, sec. 766.
As to the questions raised in regard to the rights of the defendant, as husband of Mary, through his wife derived, and his claim to a proportion of the profits of the slave, until the maturity of the time of division, it is sufficient to answer, that, in the present aspect of this suit, its limited scope, and without those points having been raised, they were not there in issue, and could not be adjudicated. The bill, as before remarked, was for a particular object; there was no answer or cross-bill, but a judgment pro confesso. Nothing in this decree precludes the vindication of any rights that may appertain to the defendant, in regard to the profits of the slaves.
Decree affirmed.